Michael R. Dufour (CA State Bar No. 290981)
SOUTHWEST LEGAL GROUP
8675 Falmouth Avenue – 307
Playa Del Rey, CA 90293
Tel: (818) 553-5687
Fax: (818) 591-4315
mdufour@swlegalgrp.com

W. Craft Hughes (TX Bar No. 24046123, *Pro Hac Vice admission will be requested*)
craft@hughesellzey.com
Jarrett L. Ellzey (TX Bar No. 24040964, *Pro Hac Vice admission will be requested*)
jarrett@hughesellzey.com
HUGHES ELLZEY, LLP
Galleria Tower I
2700 Post Oak Boulevard, Suite 1120
Houston, TX 77056
Tel: (713) 322-6387
Fax: (888) 995-3335

Bryant Fitts (TX Bar No. 24040904, *Pro Hac Vice admission will be requested*)
FITTS LAW FIRM, PLLC
2700 Post Oak Boulevard, Suite 1120
Houston, TX 77056
Tel: (713) 871-1607
Fax: (713) 583-1492
bfitts@fittslawfirm.com

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER WILLIAMS, | ) Case No. 3:18-cv-4766 |
| *Plaintiff*, | ) **PLAINTIFF'S ORIGINAL COMPLAINT** |
| v. | ) **JURY TRIAL DEMANDED** |
| COLLECTION BUREAU OF AMERICA, LTD., | ) |
| *Defendant*. | ) |

**PLAINTIFF'S ORIGINAL COMPLAINT**

CHRISTOPHER WILLIAMS ("Plaintiff"), this Complaint and Demand for Jury Trial ("Complaint") against Defendant COLLECTION BUREAU OF AMERICA, LTD. ("Defendant") to stop Defendant's practice of making illegal debt collection calls to the telephone of Plaintiff, and to obtain redress for injuries caused by Defendant's conduct. Plaintiff, for his Complaint,

Plaintiff's Original Complaint                   1

alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

**INTRODUCTION**

1. "The right to be let alone is indeed the beginning of all freedom."[1] Plaintiff brings this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

2. Defendant is a debt collection company that engages in reckless and aggressive debt collection practices which outright ignore controlling federal law, and the rights of the called parties.

3. Defendant repeatedly made unsolicited calls to Plaintiff's cellular telephone in violation of the TCPA. Defendant made the unauthorized and illegal calls to Plaintiff's cell phone using an automatic telephone dialing system ("ATDS") or pre-recorded voice for the purpose of bullying Plaintiff into paying an allegedly deficient balance. Defendant also called Plaintiff after he clearly stated they did not wish to be called again.

**PARTIES**

4. Plaintiff CHRISTOPHER WILLIAMS is a natural person and citizen of Pittsburgh, CA.

5. Defendant COLLECTION BUREAU OF AMERICA, LTD is a corporation under the laws of the State of California. Defendant maintains its principal office at Hayward, California and may be served with process by serving its Registered Agent, Shawn Deluna, 25954 Eden Landing Rd., Hayward, CA 94545.

6. Whenever in this complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees, subsidiaries, or affiliates committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

---

[1] *Public Utilities Commission v. Pollak*, 343 U.S. 451, 467 (1952) (Douglas, J., dissenting).

## JURISDICTION & VENUE

7. The Court has subject matter jurisdiction under 28 U.S.C. § 1331; this is a TCPA action.

8. The Court has personal jurisdiction over Defendant. Defendant has continuous and systematic contacts with this District through its debt collection scheme and is essentially at home here. Defendant conducts significant, ongoing business in this District and purposefully availed itself to this District. The Court has specific personal jurisdiction over Defendant because it targets this District with its wrongful, accused acts, and/or emanated those acts from this District. The exercise of personal jurisdiction over Defendant in this District does not offend traditional notions of fair play or substantial justice.

9. Venue is proper in this District under 28 U.S.C. § 1391(b); a substantial part of the wrongful conduct giving rise to this lawsuit occurred in, was directed to, and/or emanated from this District.

## LEGAL BASIS FOR THE CLAIMS

10. Congress enacted the TCPA in 1991 to address certain practices thought to be an invasion of consumer privacy and a risk to public safety. The TCPA and the Federal Communications Commission's ("FCC") implemented rules prohibit: (1) making telemarketing calls using an artificial or prerecorded voice to residential telephones without prior express consent; and (2) making any non-emergency call using an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice to a wireless telephone number without prior express consent. If the call includes or introduces an advertisement, or constitutes telemarketing, consent must be in writing.[2] Calls that include non-marketing messages require consent, but not written consent. The TCPA grants consumers a private right of action, with a provision for $500 or the actual monetary loss in damages for each violation, whichever is greater, and up to three times actual damages for each willful or knowing violation, as well as injunctive relief.

---

[2] Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered. 47 C.F.R. § 64.1200(f)(8).

11. Since the TCPA's passage in 1991, the FCC has taken multiple actions implementing and interpreting the TCPA, and has issued numerous Declaratory Rulings clarifying specific aspects of the TCPA.

12. Furthermore, the TCPA established the National Do-Not-Call List, and also mandates all businesses that place calls for marketing purposes maintain an "internal" do-not-call list ("IDNC").  See 47 C.F.R. § 64.1200(d).  The IDNC is "a list of persons who request not to receive telemarketing calls made by or on behalf of that [seller]." *Id*.  The TCPA prohibits a company from calling individuals on its IDNC list or on the IDNC list of a seller on whose behalf the telemarketer calls, even if those individuals' phone numbers are not on the National Do-Not-Call Registry.  *Id.* at § 64.1200(d)(3), (6).  Any company, or someone on the company's behalf, who calls a member of the company IDNC is liable to that person under the TCPA.  The called party is then entitled to bring a private action under the TCPA for monetary and injunctive relief.

13. Finally, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules."  In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration, 23 FCC Rcd. 559, 565, ¶ 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748 (Dec. 31, 2012).

14. Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call.  Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

**FACTS SPECIFIC TO PLAINTIFF WILLIAMS**

15. Defendant's debt collection campaign is a continuous course of conduct and a pattern of practice, conducted under a common policy or program. From at least 2016, Defendant engaged in an aggressive debt collection campaign ("Campaign") that targeted people across the nation. Plaintiff was directly targeted by Defendant's Campaign.

16. Beginning around June 2016, Williams began to receive calls from the numbers 855-691-0192, 855-691-0193, and 855-691-0191, all of which are associated with Defendant. Since that time, Williams has received at least 8 calls from Defendant.

17. Williams received all calls described above on his cellular telephone assigned a number ending in -4315.

18. Defendant and/or third parties on Defendant's behalf, placed some, if not all of the calls described above using an ATDS, as defined by 47 U.S.C. § 227(a)(1) without Williams' prior express written consent.

19. When Williams answered the calls, he heard short beeps, an automated message, and then was connected with a representative.

20. The purpose of the calls was to collect on a debt allegedly owed by someone to Defendant.

21. To the extent Williams ever provided consent to be called by an ATDS, he revoked any such consent.

22. Williams felt the calls were an invasion of his privacy and wanted Defendant to stop calling. Defendant ignored Williams' multiple requests and continued to call him.

23. Based on the circumstances of the calls (e.g. dead air, etc.) Williams believed Defendant called on his cellular telephone using an ATDS that mechanically selected his number from a computer database.

24. On information and belief, Defendant's ATDS called Williams on every occasion.

25. The telephone number Defendant called was assigned to a cellular telephone service for which usage minutes accumulate when calls are placed to that number.

26. Williams is the regular carrier and exclusive user of the cellular telephone assigned the number ending in -4315.

27. Defendant's calls were not for emergency purposes under 47 U.S.C. § 227(b)(1)(A)(i).

28. All calls Defendant made to Williams violate 47 U.S.C. § 227.

Plaintiff's Original Complaint                                  5

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, U.S.C. § 227, *ET SEQ.*)

29. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

30. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.* and 47 C.F.R. §64.1200, *et seq.*

31. As a result of Defendant's violations of 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. §64.1200, *et seq.,* Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

32. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
### (KNOWING AND/OR WILLFUL VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.*)

33. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

34. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.* and 47 C.F.R. §64.1200, *et seq.*

35. As a result of Defendant's violations of 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. §64.1200, *et seq.* Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

36. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## JURY DEMAND

37. Plaintiff demands a jury trial on all issues triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

- An award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227, *et seq.*;
- An award of $1,500.00 in statutory damages, for each and every willful and/or knowing violation, pursuant to 47 U.S.C. § 227, *et seq.*;
- Preliminary and permanent injunctive relief enjoining Defendant, its agents, servants and employees, and all persons acting in concert with them, from engaging in, and continuing to engage in, the unlawful calls made with automated dialing systems to cellular phones, and enjoining Defendant from engaging in abusive and oppressive collection practices as outlined in this Complaint.

Dated: August 7, 2018

        Respectfully Submitted,

        SOUTHWEST LEGAL GROUP

        */s/Michael R. Dufour*
        Michael R. Dufour (CA State Bar No. 290981)
        SOUTHWEST LEGAL GROUP
        8675 Falmouth Avenue -307
        Playa Del Rey, CA 90293
        Tel: (818) 553-5687
        Fax: (818) 591-4315
        mdufour@swlegalgrp.com

        W. Craft Hughes (*Pro Hac Vice admission will be requested*)
        TX State Bar No. 24046123
        craft@hughesellzey.com
        Jarrett L. Ellzey (*Pro Hac Vice admission will be requested*)
        TX State Bar No. 24040864
        jarrett@hughesellzey.com
        HUGHES ELLZEY, LLP
        Galleria Tower I
        2700 Post Oak Boulevard, Suite 1120
        Houston, TX 77056
        Tel: (713) 322-6387
        Fax: (888) 995-3335

        Bryant Fitts (*Pro Hac Vice admission will be requested*)
        TX State Bar No. 24040904
        FITTS LAW FIRM, PLLC
        2700 Post Oak Boulevard, Suite 1120
        Houston, TX 77056
        Tel: (713) 871-1607
        Fax: (713) 583-1492
        bfitts@fittslawfirm.com

        *Counsel for Plaintiff*